UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSHUA MARCINISZYN,
     Plaintiff,

     v.                                      No. 3:14-cv-00642 (JAM)

CIGNA CORPORATION,
     Defendant.

ORDER DENYING MOTION TO REMAND
AND DISMISSING CASE FOR LACK OF FEDERAL JURISDICTION

This matter calls upon the Court to decide what to do when a defendant ostensibly "removes" a case from state court to federal court despite the fact that a plaintiff has not filed the case in state court in the first place. My answer is that the federal case must be dismissed for lack of jurisdiction.

BACKGROUND

*Pro se* plaintiff Joshua Marciniszyn has a complaint in common with many Americans: his health insurance claims have not been timely processed. On April 8, 2014, he served defendant Cigna Corporation with a Connecticut Superior Court Small Claims Writ and Notice of Suit. His writ alleges that defendant engaged in breach of contract, deceptive business practices, and violations of the Connecticut Unfair Trade Practices Act, all arising from defendant's alleged failure to timely process his claims.

On May 8, 2014, defendant filed a notice of removal. Plaintiff responded with a motion to remand to state court, protesting that he had not pleaded a federal cause of action that was subject to removal to federal court. Defendant countered that this Court has federal removal jurisdiction, because plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. It seems that defendant has the

better of this argument. *See, e.g., Aetna Health Inc. v. Davila,* 542 U.S. 200, 208-09 (2004) (state court claims that are subject to ERISA pre-emption are properly removable).

But there is another jurisdictional wrinkle. Although acknowledging that defendant had been served with plaintiff's small claim writ, defendant's notice of removal stated that "[a]s of the date of this filing, Marciniszyn has not yet returned the Writ to court." Doc. #1 at 1 (¶ 3). Several weeks after removing this case, defendant again stated in another court filing that "[t]he Plaintiff served a complaint but to the best of the Defendant's knowledge did not file one." Doc. #18 at 1.

These statements raised in my mind a question whether a case could be removed from state court if it had not been filed there in the first place. I issued an order to show cause directing defendant (and the *pro se* plaintiff, if he wished) to file briefing addressing whether the statutory predicate for removal—that a case was "brought in a State court," 28 U.S.C. § 1441(a)—has been satisfied in this case. Defendant has responded with briefing contending that its removal of this action was proper and maintaining that this Court has subject-matter jurisdiction.

## DISCUSSION

Congress has authorized the "removal" from state court of certain kinds of cases that federal courts have jurisdiction to resolve. *See* 28 U.S.C. § 1441 *et seq.* But "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that [courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941) (internal quotation marks and citation omitted). And so it is that "the removal statute, like other jurisdictional statutes, is to be strictly construed." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d

196, 201 (2d Cir. 2001) (citation omitted).

Defendant has removed this case pursuant to the principal federal removal statute, which provides in relevant part for removal of "any civil action *brought in a State court* of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). As the plain text of this statute makes clear, the power to remove a case to federal court exists only if a case has been "brought in a State court" in the first place. It is not enough that a plaintiff may be drafting, thinking of, or threatening to file an action in state court. To the contrary, "[t]he plain language of § 1441 assumes a pending civil action that has been commenced in state court," and consequently "[s]everal courts have recognized the axiomatic principle that a dispute is not removable until the plaintiff actually commences a civil action in state court." *Hudelson v. Berkshire Life Ins. Co. of Am.*, 2010 WL 889962, at *1 (D. Minn. 2010) (citing cases).

Plaintiff's small claims writ was served on defendant but not actually filed in any state court. Common sense and ordinary usage suggest that if an action was not filed in court, then it was not "brought" in court, whatever a plaintiff's thoughts or intentions might be.

The common sense conclusion is reinforced in this case by Connecticut's procedural rules that specify for state law purposes whether a small claims action has begun.[1] For a plaintiff who proceeds—as plaintiff did here—by way of a small claims writ, the Connecticut Practice Book makes clear that no action begins until a plaintiff has filed the writ in the small claims court. Conn. Practice Book § 24-8 (stating that "[t]he signature by the plaintiff . . . on the small claims writ and notice of suit, and the filing of the writ with the clerk, together with the payment of all required fees, shall be deemed the beginning of the action").

---

[1] Other federal courts have looked to state rules of civil procedure to determine whether an action has been "brought in State court" within the meaning of the federal removal statute. *See, e.g.*, *Hudelson*, 2010 WL 889962, at *2; *Lummus Co. v. Commw. Oil Ref. Co.*, 195 F. Supp. 47, 54-55 (S.D.N.Y. 1961).

Defendant declaims that "[t]he 'beginning of the action' is not the equivalent of the existence of a civil action." Doc. #31 at 4. I cannot fathom what this argument means—how a civil action (or anything else) may exist before it has begun. No doubt, the author of the Book of Genesis would be surprised to learn that the heavens and earth existed before anything began. *Cf.* Genesis 1:1 ("In the beginning God created the heavens and the earth.").

Because the Connecticut Practice Book specifies when a small claims action commences and hence is "brought," I need not consider whether merely serving process without filing might ever qualify an action as having been "brought in a State court." Indeed, in contrast to the Connecticut Practice Book rule that governs small claims cases, no Connecticut statute or Practice Book rule appears to specify when an ordinary civil action is deemed to commence. *See* Conn. Gen. Stat. § 52-45a; Conn. Practice Book § 8-1 *et seq.* In the absence of such a rule, Connecticut courts have long held that civil actions commence upon service of process. *See, e.g.*, *Rocco v. Garrison*, 268 Conn. 541, 549-551, 848 A.2d 352 (2004); *Rana v. Ritacco*, 236 Conn. 330, 337-38, 672 A.2d 946 (1996). No matter. Those cases are inapplicable here where there is a specific and controlling Connecticut Practice Book rule.

Insofar as the removal statute is a federal statute, it could well be argued that a single federal law standard—rather than potentially varying state law standards—should govern whether an action has been "brought in a State court." But the result would be the same for this case. The Federal Rules of Civil Procedure do not deem an action to be commenced until a complaint is filed in court. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Defendant warns of "dire consequences" if its removal is deemed invalid, because future state legislators might "enact a rule that 'all civil actions shall be deemed to begin thirty-one days

after service of the summons and complaint,'" Doc. #31 at 5, and future defendants would then

have no time as allowed under 28 U.S.C. § 1446(b)(1) to exercise their 30-day right of removal

from the date that they have been served with a complaint. But defendant overlooks another

provision of the federal removal statute that would preserve its right to removal:

> [F]or state court cases that are not initially removable but later become so, the removal statute creates a so-called "revival exception" to the usual 30-day rule: "if the case stated by the initial pleading is not removable," then a case may be properly removed within 30 days of the receipt of any "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

*Spencer v. Duncaster, Inc.*, __ F. Supp. 3d __, 2014 WL 5242874, at *2 (D. Conn. 2014)

(quoting 28 U.S.C. § 1446(b)(3)).

And so it is that the Connecticut Practice Book provides that a small claims writ must be

filed with the state court within one month of service on a defendant and that the clerk of court

shall then send the defendant an answer form with an answer date. Conn. Practice Book § 24-

10(a) & 10(c). This answer form no doubt would satisfy the revival exception's requirement for

an "order[] or other paper from which it may first be ascertained that the case is one which is or

has become removable," and a defendant would then have 30 days upon receipt of an answer

form in which to file a notice of removal. 28 U.S.C. § 1446(b)(3). No dire consequences will

come to pass.

In short, whether I apply a state or a federal procedural rule, this action was not properly

removed to federal court for one simple reason: it was never "brought in a State court" in the first

place. And just as an action that was never brought in a state court cannot be removed to a

federal court, neither may a federal court remand a matter to a state court's docket where it was

never filed or commenced at the outset.

Accordingly, defendant's removal was improper, but a remand too would also be

improper. Because no other basis for jurisdiction exists, I must dismiss this case outright for lack of federal jurisdiction.

### CONCLUSION

Accordingly, this action is DISMISSED for lack of federal jurisdiction and without prejudice to plaintiff's re-filing of a writ or complaint in any court of proper jurisdiction. All other pending motions (Docs. #15, #17, and #21) are DENIED as moot. The Clerk of Court is directed to close this case.

It is so ordered.

Dated at Bridgeport this 11th day of November 2014.


/s/        Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge